**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JAMES VEALE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 24-376** |
| | § | |
| **ODP BUSINESS SOLUTIONS, LLC,** | § | |
| **d/b/a THE ODP CORPORATION, d/b/a** | § | |
| **OFFICE DEPOT,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant ODP Business Solutions, LLC[1] ("Defendant" or "ODP Business Solutions") files this Notice of Removal, giving notice that it is removing this civil action to the United States District Court for the Western District of Texas, El Paso Division, based on diversity jurisdiction. In support of this Notice of Removal, Defendant shows the Court as follows:

**I.**

1.    On August 19, 2024, Plaintiff James Veale ("Plaintiff" of "Veale") filed his Original Petition in the 346th Judicial District Court, El Paso County, Texas against Defendant. Veale alleges that he was subject to age discrimination, a hostile work environment, and retaliation under Chapter 21 of the Texas Labor Code, along with damages pursuant to Section 41 of the Texas Civil Practice and Remedies Code, arising out of his prior employment with Defendant.  A copy of the Original Petition, is attached as Exhibit A-2.

---

[1] Plaintiff James Veale mistakenly identified Defendant as ODP Business Solutions, LLC d/b/a The ODP Corporation d/b/a Office Depot, the appropriate entity is ODP Business Solutions, LLC.

2.      Plaintiff served Defendant with the Original Petition by traceable mail on September 9, 2024. *See* Service of Process Transmittal Summary, attached as Exhibit A-3.

3.      This Notice of Removal is being filed within 30 days of Plaintiff having served Defendant with the Original Petition on September 9, 2024. Further, removal is proper to this Federal District Court and this division because it embraces El Paso County. 28 U.S.C. § 1446(b).

**II.**
**ARGUMENT AND AUTHORITIES**

4.      This Court has diversity jurisdiction over this lawsuit. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states or nations. *Id.* § 1332(a)(1)-(2). As shown below, both of these requirements are met in this case.

**A.      The Amount in Controversy Exceeds $75,000.**

5.      The face of Plaintiff's Original Petition establishes that his claimed damages exceed $1,000,000, thus satisfying the first requirement of 28 U.S.C. § 1332.  "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Accordingly, "[w]here a state court complaint alleges a damages amount, that number controls for purposes of determining whether the amount in controversy threshold is met when the case is removed to federal court." *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018).

6.      Plaintiff affirmatively states in his Petition that he "seeks monetary relief over $1,000,000". Exhibit A-2, Original Petition ¶32. Thus, the amount in controversy requirement, exclusive of interest and costs, of $75,000 is satisfied.

7.      Defendant altogether denies Plaintiff's allegations and denies that Plaintiff is entitled to the damages he seeks in his Petition, but it is evident from the face of Plaintiff's petition that the amount in controversy far exceeds the threshold sum of $75,000 under 28 U.S.C. § 1332(a).

**B.      Complete Diversity of Citizenship Exists.**

8.      The second requirement for removal based on diversity jurisdiction is also satisfied here because there is complete diversity of citizenship between Plaintiff and Defendant at the time of removal. 28 U.S.C. §1332(a)(1)-(2).

9.      "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Because "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change" Plaintiff's last known residence is his domicile to determine citizenship for diversity purposes. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

10.      Plaintiff alleges in his Petition that he is "an employee as defined by the Texas Labor Code". Exhibit A-2, Original Petition ¶2. Chapter 21 of the Texas Labor Code defines an employee as "an individual employed by an employer, including an individual subject to the civil service laws of this state or a political subdivision of this state". TEX. LAB. CODE §21.002(7). Plaintiff is subject to the service laws of Texas or a political subdivision of Texas and is a citizen of Texas.

11.      Additionally, Plaintiff's last known residence is 4821 Costa De Oro El Paso, TX 79922. *See* Declaration of Dale Thay, attached as Exhibit B, ¶3. Accordingly, because

3

Plaintiff is an employee in Texas and his last known residence is in Texas, which presumptively continues unless rebutted, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

12.     The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ODP Business, Solutions LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Florida. *See* Exhibit B, ¶4. It's sole member, ODP Business Solutions Holdings, LLC is a limited liability company organized under the laws of the State of Delaware. *Id*. ¶5. It's sole member, ODP International, LLC, is a limited liability company organized under the laws of the State of Delaware. *Id*. ¶6. It's sole member, ODP International Holdings, LLC, is a limited liability company organized under the laws of the State of Delaware. *Id*. ¶7. It's sole member, The ODP Corporation, is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Florida. *Id*. ¶ 8.

13.     As to a corporate defendant, for diversity purposes, a corporation is a citizen of both its state of incorporation and its principal place of business. *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (citing 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business is ordinarily its headquarters –a "nerve center" where the corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

14.     The ODP Corporation's state of incorporation is Delaware and its headquarters, and principal place of business is in Florida. Exhibit B, ¶8. Further, The ODP Corporation's books and records are maintained at its headquarters. *Id*. ¶9. The ODP Corporation's officers and directors are elected or appointed primarily at its headquarters. *Id*. The ODP Corporation's functional departments are also headquartered at its home office in Florida. *Id*. The ODP Corporation is a citizen of Delaware and Florida. *Id*. ¶8–9.

4

15.    Therefore, ODP Business Solutions, LLC is a citizen of Delaware and Florida. *Id.* ¶10.

16.    In sum, Plaintiff Veale is a citizen of Texas and ODP Business Solutions, LLC is not. Therefore, complete diversity of citizenship exists in this case.

### III.
### PROCEDURAL PREREQUISITES

17.    Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 124(a)(1).

18.    Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Original Petition from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

19.    As required under 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal and a copy of this Notice of Removal are being promptly filed in the 346th Judicial District Court, El Paso County, Texas and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), to be filed with the 346th Judicial District Court, El Paso County, Texas is attached as Exhibit C.

20.    21.    By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

### IV.
### CONCLUSION

This Court may exercise subject-matter jurisdiction over this case based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Accordingly, Defendant requests that the 346th Judicial District Court, El Paso County, Texas, proceed no further with Cause No. 2024DCV3837 and that the matter captioned *James Veale v. ODP Business Solutions, LLC, d/b/a The ODP Corporation,*

5

*d/b/a Office Depot* be removed to the United States District Court for the Western District of Texas,

El Paso Division.

Dated: October 9, 2024                                     Respectfully submitted,


                                          */s/ R. Shawn Oller*
                                          R. Shawn Oller
                                          Texas Bar No. 00794399
                                          soller@littler.com
                                          LITTLER MENDELSON, P.C.
                                          Camelback Esplanade
                                          2425 East Camelback Road, Suite 900
                                          Phoenix, AZ  85016
                                          Telephone:  602.474.3600
                                          Facsimile:  602.957.1801

                                          Vanessa M. Garza
                                          Texas Bar No. 24116415
                                          vgarza@littler.com
                                          LITTLER MENDELSON, P.C.
                                          1301 McKinney Street, Suite 1900
                                          Houston, TX  77010
                                          Telephone:  713.951.9400
                                          Facsimile:  713.951.9212

                                          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2024, a copy of the foregoing document has been electronically filed with the Court, and served on the following by CM/ECF:

Brett Duke
Law Office of Brett Duke, P.C.
6350 Escondido Dr., Ste. A-14
El Paso, Texas 79912
brettduke@brettduke.com

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
707 Myrtle
El Paso, Texas 79901
daniela@labinotilaw.com

***Attorneys for Plaintiff***

*/s/ R. Shawn Oller*

R. Shawn Oller
Vanessa M. Garza